SHERIFF, HUMBOLDT COUNTY, NEVADA, Appellant, *v.* CHRISTINE ELIZABETH GLEAVE, Respondent.

No. 18469

September 21, 1988 761 P.2d 416

*Brian McKay,* Attorney General, Carson City; *Jack T. Bullock,* District Attorney, and *Edward T. Reed,* Deputy District Attorney, Humboldt County, for Appellant.

*John M. Doyle,* Winnemucca, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent's pretrial petition for a writ of habeas corpus.

On March 13, 1987, an information was filed in the district court charging respondent with one count of unlawful sale of a controlled substance, a violation of NRS 453.321. Alleging that the evidence adduced at her preliminary hearing demonstrated that she was entrapped as a matter of law, respondent filed in the district court a pretrial petition for a writ of habeas corpus. On August 17, 1987, the district court concluded, as a matter of law, that respondent was entrapped and granted respondent's pretrial habeas petition. This appeal followed.

Appellant first asserts that a preliminary hearing is a probable cause determination, and that appellant cannot be expected to anticipate "clairvoyantly" any defense that might be raised by a defendant. Appellant further avers that entrapment is an affirmative defense that must be raised and decided at trial. Thus, appellant contends that the district court erred when it determined that respondent was entrapped based solely on its review of the transcript of the preliminary hearing. We disagree.

In Shrader v. State, 101 Nev. 499, 706 P.2d 834 (1985), this court held that "[e]ntrapment *as a matter of law* exists where the uncontroverted evidence shows (1) that the state furnished an opportunity for criminal conduct (2) to a person without the requisite criminal intent." 101 Nev. at 501, 706 P.2d at 835 (emphasis added). This court recently affirmed an order of the district court granting a pretrial petition for a writ of habeas corpus based on the district court's determination that the defendant had been entrapped as matter of law. *See* Sheriff v. Hawkins, 104 Nev. 70, 752 P.2d 769 (1988). Thus, in those instances where clear, uncontroverted evidence exists in the record which establishes the defense, the issue is one of law which may be asserted and reviewed in a habeas proceeding. *Id.* Therefore, we reject appellant's first broad assertion.

Appellant next contends that "[a] writ of habeas corpus petition challenging a finding of probable cause by a magistrate is akin to an appeal from the finding of probable cause." Because respondent did not present her claim of entrapment to the magistrate at the preliminary hearing, appellant argues that respondent was precluded from raising her claim of entrapment in the habeas corpus proceedings below, and that the district court erred when it considered respondent's claim of entrapment.

This contention is without merit. Initially, we note that appellant has failed to cite any authority for the proposition that the failure to assert a defense at a preliminary hearing precludes consideration of that defense in a subsequent habeas corpus proceeding. This court need not consider assignments of error that are not supported by relevant legal authority. *See* Cunningham v. State, 94 Nev. 128, 575 P.2d 936 (1978). Furthermore, a defendant is under no obligation to present evidence at a preliminary hearing. Finally, we note that habeas corpus is an original proceeding that is available to "[e]very person unlawfully committed, detained, confined or restrained of his liberty, under any pretense whatever . . . to inquire into the cause of such imprisonment or restraint." NRS 34.360. Habeas corpus is an independent proceeding and, as such, is not an appeal from the justice's court's probable cause determination. *See* Sheriff v. Hatch, 100 Nev. 664, 691 P.2d 449 (1984). Thus, we conclude that respondent's failure to assert her entrapment defense at the preliminary hearing did not preclude her from presenting that defense to the district court in the pretrial habeas proceedings below.

Finally, appellant argues that the district court erred in determining as a matter of law that respondent was entrapped. Specifi-

cally, appellant argues that the evidence adduced at the preliminary hearing fails to establish that respondent had no predisposition to sell controlled substances. We agree. The testimony presented at respondent's preliminary hearing indicated that the arresting officer, acting on an informant's tip, met respondent in a bar in Winnemucca and mentioned once to respondent that he was interested in obtaining some methamphetamine. Although respondent did not know the undercover officer, the evidence thus far adduced suggests respondent volunteered that she could obtain a gram of methamphetamine for one hundred dollars, and that she needed the money right away. Evidence indicates respondent left the bar after receiving the money from the officer and returned to the bar an hour later with a plastic bag containing methamphetamine. Respondent then asked the officer if she could have "a line out of it." The officer assertedly responded, "I told her instead of a line would she accept some money. I gave her two $5 bills, $10 for her trouble." The testimony presented at the preliminary hearing reveals no evidence of importuning on the part of the undercover officer or an attempt to befriend respondent in order to persuade her to obtain the drug. *Cf.* Shrader v. State, 101 Nev. 499, 706 P.2d 834 (1985) (entrapment as a matter of law established where confidential informant, defendant's friend, importuned him for drugs for some time, and no evidence was presented at trial that the defendant was otherwise predisposed to commit the charged crime). If believed and not controverted, this evidence indicates respondent was predisposed to commit the criminal activity charged. Consequently, under the facts of this case, we are unable to conclude as a matter of law that respondent was entrapped. Therefore, we reverse the order granting respondent's habeas corpus petition below, and we remand this case to the district court for further proceedings.[1]

---

[1]THE HONORABLE CLIFF YOUNG, Justice, voluntarily disqualified himself from consideration of this appeal.