TERRY A. EWELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 19804

JAMES A. LUCIOUS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 19952

December 28, 1989

785 P.2d 1028

*Morgan D. Harris,* Public Defender and *Marcus D. Cooper,* Deputy Public Defender, Clark County, for Appellant Ewell.

*Charles Waterman,* Las Vegas, for Appellant Lucious.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

These are appeals from judgments of conviction, pursuant to a jury trial, of two counts each of attempted murder with a deadly weapon and one count each of illegal discharge of a firearm. The district court sentenced each appellant to serve a total of twenty years in the Nevada State Prison.[1]

In the early morning hours of July 7, 1988, the Las Vegas Metropolitan Police Department was conducting a "reverse

---

[1] Appellants were co-defendants in the proceedings in the district court, and they have raised some identical issues on appeal. Accordingly, we have consolidated these appeals for purposes of disposition. *See* NRAP 3(b).

sting" operation near a housing project in Las Vegas. Police officers, dressed as gang members, were stopping traffic and offering to sell narcotics to the persons in the stopped vehicles. During the course of the operation, appellants approached the area in an automobile. The automobile slowed, and appellant Lucious fired at least two gunshots in the direction of two of the disguised officers. A jury convicted appellants of two counts each of attempted murder and one count each of illegal discharge of a firearm. These appeals followed.

Appellants first contend that the district court erred by instructing the jury on transferred intent. The challenged instruction reads as follows:

> During an attack upon a group, a defendant's intent to kill need not be directed at any one individual. It is enough if the intent to kill is directed at the group.

Specifically, appellants complain that, because the information charged them with attempting to kill two specific undercover police officers, the quoted jury instruction changes the theory of prosecution. Appellants further contend that the instruction relieved the prosecution of its duty to prove all the elements of attempted murder and impermissibly shifted the burden of proof. Appellants also argue that the instruction contains elements that are not included in the indictment. Therefore, they contend that the instruction deprived them of proper notice of the charges they had to defend against.

This contention is without merit. The information used to charge appellants was included in the jury instructions. The jury instructions, taken as a whole, accurately and fairly state the law in Nevada. Appellants were guilty of attempting to kill the two police officers if they fired at the group of people immediately near the officers. The instruction merely informs the jury that the state did not have to prove that appellants intended to kill a specific person in the group. *See* State v. Hamilton, 557 P.2d 1095 (N.M. 1976); Murray v. State, 713 P.2d 202 (Wyo. 1986).

Appellant Ewell contends that there was insufficient evidence to sustain the jury's verdict of guilty. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). Specifically, we note that Ewell admitted to driving a car past a group of people and that Lucious, the passenger in that car, fired

shots toward the people in the group. Ewell's testimony was that he was unaware that Lucious had a gun and was surprised when Lucious opened fire. The jury is the sole judge of the credibility of the witnesses. *See* Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975). Further, the jury is entitled to draw reasonable inferences from the evidence. Hern v. State, 97 Nev. 529, 531, 635 P.2d 278, 279 (1981). Our review of the evidence convinces us that the jury was justified in disbelieving Ewell's story and inferring that he was a voluntary participant in the shooting. We will not disturb a jury's verdict where, as here, it is supported by substantial evidence. Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981).

Appellant Lucious contends that prior to committing the instant offense, rival gang members shot at him. He states that the prior incident put him in a "fearful" state of mind. He also asserts that the police officers were dressed as members of the rival gang, and that he fired the gun only when he thought he observed the officer carrying a weapon. Therefore, Lucious argues that the police officers caused him to fire the shots, and that his actions should be excused because of the "outrageous government conduct" in this case.

This contention is without merit. As respondent correctly notes, the police officers never enticed appellants into an exchange of gunfire; the officers merely indicated that they had drugs for sale. Under these circumstances, it is clear that Lucious was predisposed to commit the charged offenses; thus, Lucious' actions were not precipitated by outrageous conduct by the undercover police officers. *See* Sheriff v. Gleave, 104 Nev. 496, 761 P.2d 416 (1988); *cf.* United States v. Bogart, 783 F.2d 1428 (9th Cir. 1986).

Finally, Lucious contends that he was deprived of effective assistance of counsel at his trial. We note, however, that such claims are properly raised in a post-conviction proceeding. *See* Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981). Therefore, we decline to address the merits of this argument in this appeal.

Having concluded that appellants' contentions lack merit, we affirm the judgments in all respects.[2]

---

[2]Pursuant to NRAP 34(f), we have determined that oral argument is not warranted in this case.