STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher J. LESIK, Defendant-Appellant.†

Court of Appeals

*No. 2008AP3072–CR. Submitted on briefs October 20, 2009.
—Decided December 1, 2009.*

2010 WI App 12

(Also reported in 780 N.W.2d 210.)

† Petition to Review denied 3/9/10.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Anthony D. Cotton* of *Kuchler & Cotton Law Offices*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Maura FJ Whelan*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Christopher Lesik appeals a judgment of conviction for sexual assault of a child. Lesik argues the sexual assault of a child statute is unconstitutionally overbroad because the definition of sexual intercourse does not explicitly exclude conduct occurring for the purpose of providing medical care. He also contends the instruction the circuit court gave the jury did not fully cover his theory of defense. We disagree and affirm.

## BACKGROUND

¶ 2. In August 2007, Lesik was charged with sexually assaulting his stepdaughter, Abby. Abby reported that when she was seven years old, Lesik came into her bedroom several times after she had gone to bed, rubbed her vagina underneath her clothes and penetrated her vagina with his finger. Lesik was charged with two counts of first-degree sexual assault of a child. One count was for Lesik's sexual contact with a child. The other count was for sexual intercourse with a child based on Lesik's penetration of Abby's vagina with his finger.

¶ 3. At trial, Lesik did not deny he touched or penetrated Abby's vagina, but he argued any touching or penetration was exclusively for a proper medical purpose. Abby suffered from incontinence and as a result required special care at night. Because Abby's mother usually worked in the evenings, Lesik was often

in charge of providing this care. This included checking Abby for incontinence and medicating rashes she developed from wearing diaper-like "pull-ups" to bed. When Abby had an accident, Lesik had to remove her from bed, clean her, apply protective ointment, dress her, and return her to bed.

¶ 4. Lesik further argued his theory of defense—that any touching or penetration was for a proper medical purpose—was not adequately conveyed by the standard jury instruction. Both the jury instruction and the statute require proof of a sexual intent for sexual contact, but not for sexual intercourse. Lesik contended the absence of an intent element for sexual intercourse would criminalize medically appropriate conduct, including the slight, accidental vaginal intrusions he testified occurred while cleaning and medicating Abby. He therefore proposed the court submit the following instruction to the jury:

> The defendant is charged with Sexual Intercourse with a Child. This allegation is premised on Abby's assertion that the tip of Mr. Lesik's finger penetrated her vagina. It is the defendant's theory in this case that he shared the responsibilities for treating Abby's incontinence problem. As such, any touching of her vagina or other private areas was strictly within the context of identifying or treating this condition. If as members of the jury you find that the defendant's conduct constituted "sexual intercourse" you must also consider whether this conduct was in the context of treating Abby's condition. If you so find, you must find the defendant not guilty.

¶ 5. The circuit court agreed a supplemental instruction was necessary for Lesik to present his defense, observing: "The way the form instruction and indeed the statute is written there is no defense, and

there is no definitional division that would protect a physician properly examining a child's genital or anal opening, nor a parent properly caring for, or treating a child [for health problems]." The court therefore added a sentence to the standard jury instruction to address Lesik's concerns. It instructed the jury as follows:

> "*Sexual Intercourse*" means any intentional intrusion, however slight, to any part of a person's body or of any object, into the genital or anal opening of another. Emission of semen is not required. "*Sexual intercourse*" does not, however include such an intrusion for a proper non-sexual purpose, such as a medical examination or appropriate child care or treatment.

The jury found Lesik guilty of both the sexual contact and sexual intercourse charges. Lesik appeals the sexual intercourse conviction.

## DISCUSSION

¶ 6. Lesik raises two issues on appeal. First, he argues WIS. STAT. § 948.02[1] is unconstitutional because it does not contain a medical care exception. Whether a statute is constitutional is a question of law we review independently. *Ferdon v. Wisconsin Patients Comp. Fund*, 2005 WI 125, ¶ 58, 284 Wis. 2d 573, 701 N.W.2d 440. Second, he contends the circuit court erred by not using his proposed jury instruction. We will reverse and order a new trial "[o]nly if the jury instructions, as a whole, misled the jury or communicated an incorrect statement of law." *State v. Laxton*, 2002 WI 82, ¶ 29, 254 Wis. 2d 185, 647 N.W.2d 784. Whether a jury

[1] References to the Wisconsin Statutes are to the 2007–08 version.

instruction is a correct statement of law is a question of law we review independently. *State v. Neumann*, 179 Wis. 2d 687, 699, 508 N.W.2d 54 (Ct. App. 1993).

## 1. Constitutionality of Wis. Stat. § 948.02

■■■■

¶ 7. We presume statutes are constitutional and resolve all doubts in favor of constitutionality. *Ferdon*, 284 Wis. 2d 573, ¶¶ 58, 68. Therefore, a party challenging a statute's constitutionality bears a heavy burden and must demonstrate the statute is unconstitutional beyond a reasonable doubt. *Id.*, ¶ 68.

¶ 8. Wisconsin Stat. § 948.02(1) provides in part:

> (b) Whoever has sexual intercourse with a person who has not attained the age of 12 years is guilty of a Class B felony.
>
> . . . .
>
> (e) Whoever has sexual contact with a person who has not attained the age of 13 years is guilty of a Class B felony.

Sexual contact is defined as intentional touching "for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." Wis. Stat. § 948.01(5)(a). However, the definition of sexual intercourse does not require any sexual intent accompany the conduct. All that is required is proof of "vulvar penetration . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction." Wis. Stat. § 948.01(6).

¶ 9. Lesik argues that because the definition of sexual intercourse does not explicitly exclude medically appropriate conduct, WIS. STAT. § 948.02(1) unconstitutionally "proscribes conduct which the state has no authority to condemn."[2] Although Lesik does not characterize it as such, this is essentially an overbreadth claim. "A statute is overbroad when its language . . . is so sweeping that its sanctions may be applied to a constitutionally protected conduct which the state is not permitted to regulate." *Bachowski v. Salamone*, 139 Wis. 2d 397, 411, 407 N.W.2d 533 (1987).

¶ 10. When a statute is challenged as unconstitutionally overbroad, however, the statute can be " 'cured' by means of judicial interpretation, which provides for a narrowing and validating construction of the law." *State v. Thiel*, 183 Wis. 2d 505, 522, 515 N.W.2d 847 (1994). Therefore, we will not hold a statute is unconstitutionally overbroad, "when a limiting construction is available to maintain the legislation's constitutional integrity." *Id.* at 521. The circuit court here concluded such a narrow and validating construction was warranted because it would be "patently and obviously absurd" to make medical personnel and parents guilty of a Class B felony for performing "certain appropriate conduct relative to proper treatment of children." We agree.

---

[2] Lesik identifies WIS. STAT. § 948.02(1) as the focus of his constitutional challenge. This statute criminalizes sexual intercourse with a person who has not reached the age of twelve. The definition of "sexual intercourse" he objects to, however, is contained in WIS. STAT. § 948.01(6). Because § 948.02(1) is the statute that actually proscribes the conduct, we refer to it as the challenged statute.

¶ 11. Our conclusion is guided by our decision in *Neumann*, where we interpreted a definition of "sexual intercourse" identical to the one here. There, we considered an overbreadth challenge to Wis. Stat. § 940.225(2)(a), which proscribes "sexual contact or intercourse with another person without consent of that person by use or threat of force or violence." Subsection (5)(c) of that statute defines "sexual intercourse" precisely the same as the assault of a child statute under which Lesik was convicted. Neumann argued—exactly as Lesik does here—that "due to the broad definition of 'sexual intercourse,' any vaginally or anally intrusive medical procedure would technically violate [the statute] if the patient were not able to consent, as would be the case with a child, an unconscious person, or a mentally incompetent person." *See Neumann*, 179 Wis. 2d at 711.

¶ 12. We rejected Neumann's argument because he failed to identify a fundamental liberty interest infringed by the statute, but we also concluded his interpretation of the statute led to an absurd result. We noted:

> [T]his court follows, as a principle of interpretation, the rule that the court need not interpret a statute based only upon the statutory language where a literal application of that language would lead to an absurd result. In such a situation, the "spirit of intention" of a statute "govern[s]" over the literal meaning of the language used."

*Id.* at 712, n.14 (citation omitted). We determined Neumann's interpretation was untenable because it "stretches all bounds of reason to believe that the legislature intended to include bona fide medical, health care, and hygiene procedures within the definition of 'sexual intercourse.' " *Id.*

762

¶ 13. The same is true here. It would be equally absurd to imagine the legislature intended to include legitimate medical, health care and hygiene procedures within the bounds of "sexual intercourse" for the sexual assault of a child statute. Further, we discern no reason —and Lesik does not provide one—why we should interpret the definition here any differently than the identical definition we considered in *Neumann*. Accordingly, as we concluded in *Neumann*, we also conclude here that "sexual intercourse" as used in the sexual assault of a child statute does not include "bona fide medical, health care, and hygiene procedures." *See id.* at 712 n.14. Because this construction of WIS. STAT. § 948.02—which the circuit court also applied—cures the statute's silence regarding medically appropriate conduct, the statute is not unconstitutionally overbroad. *See Thiel*, 183 Wis. 2d at 521.[3]

## 2. Jury Instruction

¶ 14. A trial court has broad discretion in deciding to give a particular jury instruction. *State v. Hemphill*, 2006 WI App 185, ¶ 8, 296 Wis. 2d 198, 722 N.W.2d 393. However, the instruction given must "fully and fairly inform the jury of the rules of law applicable to the case and . . . assist the jury in making a reasonable analysis of the evidence." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996) (citation omitted). Further,

---

[3] Lesik also argues the statute is unconstitutionally vague because it does not provide fair warning as to whether medically appropriate conduct is prohibited. This, however, is essentially a restatement of his overbreadth argument.

> a criminal defendant is entitled to a jury instruction on a theory of defense if: (1) the defense relates to a legal theory of defense, as opposed to an interpretation of evidence; (2) the request is timely made; (3) the defense is not adequately covered by other instructions; and (4) the defense is supported by sufficient evidence.

*Id.* (citations omitted).

¶ 15. Lesik acknowledges the circuit court's amended instruction "contained a partial summary of [his] proposed instruction." But he takes issue with the court's omission of the last two sentences he requested: "If as members of the jury you find that the defendant's conduct constituted 'sexual intercourse' you must also consider whether this conduct was in the context of treating Abby's condition. If you so find, you must find the defendant not guilty." Lesik argues the amended instruction did not "explicitly inform [the jury it] must acquit the defendant if [it found] his actions were in the course of proper medical treatment." We disagree.

¶ 16. Lesik's argument focuses on the circuit court's exclusion of the phrase "you must find the defendant not guilty" if it found Lesik's conduct was in the context of treating Abby's condition. The omission of this language, however, did not alter the substance of instruction given. The court instructed the jury:

> Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following . . . elements were present.
>
> . . . .
>
> The defendant had sexual intercourse with Abigail O-L.

It then instructed the jury that sexual intercourse does not include penetration for a proper non-sexual purpose, and concluded:

> If you are satisfied beyond a reasonable doubt that both elements of this offense have been proved, you should find the defendant guilty.
>
> If you are not so satisfied, you must find the defendant not guilty.

These instructions clearly instruct the jury it must find Lesik not guilty if it finds any penetration was for a proper non-sexual purpose.

¶ 17. Further, the court acknowledged Lesik's concerns that neither the statute nor the standard jury instruction explicitly recognized that an intrusion might be for a medically appropriate purpose. It addressed these concerns by amending the standard jury instruction to add the clarification that sexual intercourse "does not . . . include . . . an intrusion for a proper non-sexual purpose, such as a medical examination or appropriate child care or treatment." This instruction fully and completely conveyed Lesik's theory of defense. It is irrelevant that the court did not use Lesik's precise wording. All that is necessary is that the instruction adequately covers the theory of defense. *See Coleman*, 206 Wis. 2d at 212.

*By the Court.*—Judgment affirmed.