# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
DWIGHT CONRAD SOLANDER,
Respondent.

No. 67710

THE STATE OF NEVADA,
Appellant,
vs.
JANET SOLANDER,
Respondent.

No. 67711



FILED

APR 1 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

These are consolidated appeals from district court orders granting respondents' pretrial petitions for writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Pretrial writs of habeas corpus may be granted if a district court determines "that an affirmative defense exists as a matter of law based solely on its review of the transcript of a preliminary hearing." *Sheriff, Clark Cty. v. Roylance,* 110 Nev. 334, 338, 871 P.2d 359, 361 (1994). If a district court's conclusions of law are based on its interpretation of a statute, this court reviews those conclusions de novo. *Zohar v. Zbiegien,* 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014). Here, we are asked to decide whether, as a matter of law, the district court erred in concluding that the insertion of a catheter into the urethra of a minor under the age of 14 cannot constitute sexual assault. We reverse and remand.

16-12283

I.

In March 2014, the State charged the Solanders with child abuse and endangerment and with sexually assaulting their three foster daughters. At the preliminary hearing, the three girls testified that the Solanders catheterized them as a form of punishment for urinary incontinence, with threats to mutilate their genitals with a razor blade if they resisted the catheterization and did not stop soiling themselves. The Solanders filed pretrial petitions for writ of habeas corpus alleging that, as a matter of law, inserting a catheter into a child's urethra cannot constitute sexual assault under NRS 200.366. The Solanders denied catheterizing the girls but argued that, even if they did catheterize them, they did so for a legitimate medical purpose and without sexual motivation. The district court granted the petitions, concluding that "it is not within the statutory meaning or legislative intent for the insertion of a catheter to meet the elements of Sexual Assault."

II.

Two statutes are at issue in this case: NRS 200.366 and NRS 200.364. NRS 200.366 defines "sexual assault," while NRS 200.364 defines "sexual penetration." NRS 200.366(1) defines sexual assault in terms of sexual penetration:

> A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or herself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his or her conduct, is guilty of sexual assault.

NRS 200.364(5) defines sexual penetration, as used in NRS 200.366, to mean "cunnilingus, fellatio, *or any intrusion, however slight*, of any part of a person's body or *any object manipulated or inserted by a person into the genital or anal openings of the body of another*, including sexual intercourse in its ordinary meaning." (Emphases added.) In 2015, the Legislature amended NRS 200.364(5) to add a final sentence stating that "[t]he term [sexual penetration] does not include any such conduct for medical purposes." 2015 Nev. Stat., ch. 399, § 7, at 2235.

To the State, the language of NRS 200.366 and 200.364 is plain, clear, and unambiguous. Thus, the State argues that its allegations that the Solanders inserted a catheter into the urethra of each of the girls without their consent are sufficient to sustain charges of sexual assault. The Solanders counter that the acts "were not sexually motivated" but rather were undertaken for a "legitimate medical purpose." The State offers two responses to the Solanders' arguments. First, the definitions of sexual assault and sexual penetration do not include a requirement that the penetration be sexually motivated. Second, because sexual assault requires a showing of general intent—not strict liability as the Solanders suggest with their "per se penetration" arguments—the purpose of the penetration presents a question of fact for the jury to decide, not the court. We agree with the State.

A.

Neither the definition of "sexual assault" nor the definition of "sexual penetration" includes an element of sexual motivation or gratification. *See* NRS 200.364(5); NRS 200.366. Because NRS 200.364(5) and 200.366 are unambiguous, the plain language of the statutes control, and we give that language its ordinary meaning. *See City Council of Reno*

*v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989) ("When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.").

Comparing the statutory provision making sexual seduction a crime with the sexual assault statutes confirms our reading of the latter. In contrast to sexual assault, the offense of statutory sexual seduction expressly requires sexual motivation in addition to sexual penetration. *See* NRS 200.364(6) (2013) ("'Statutory sexual seduction' means: . . . (b) Any other sexual penetration committed by a person 18 years of age or older with a person under the age of 16 years old *with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of either of the persons*." (emphasis added)).[1] Because the Legislature included an element of sexual motivation in its definition of statutory sexual seduction but did not do so in its definitions of sexual assault or sexual penetration, "it should be inferred that the omission was intentional." *In re Christensen*, 122 Nev. 1309, 1323, 149 P.3d 40, 49 (2006) ("One basic tenet of statutory construction dictates that, if the legislature includes a qualification in one statute but omits the qualification in another similar statute, it should be inferred that the omission was intentional.").

The fact that "sexual" modifies "assault" and "penetration" in NRS 200.364(5) and NRS 200.366 does not, as the Solanders suggest, impliedly require sexual motivation; the more reasonable reading, especially given the Legislature's express articulation of a sexual

---

[1]In 2015, the Legislature amended the definition of "statutory sexual seduction." We quote the pre-2015 version in the text. *See* 2015 Nev. Stat., ch. 399, § 7, at 2235.

motivation requirement in NRS 200.364(6) for sexual seduction, is that the word "sexual" as used in NRS 200.364(5) and NRS 200.366 references the body parts involved, not motivation. *Cf. United States v. JDT*, 762 F.3d 984, 1001 (9th Cir. 2014) (rejecting argument that statute penalizing certain "sexual acts" required sexual motivation and holding that "sexual act" as a defined term referred to the body parts involved not the actor's motivation). Therefore, under the plain language of the statutes, "sexual assault" and "sexual penetration" do not require sexual gratification or motivation as their object for the crime of sexual assault to occur. *See also Buffalo v. State*, 111 Nev. 1139, 1144, 901 P.2d 647, 650 (1995) (rejecting as a "totally incorrect legal supposition" the suggestion "that no valid judgment of conviction [for sexual assault] could be entered ... absent proof of sexual motivation on [the defendant's] part") (plurality).[2]

The Solanders argue that a literal reading of NRS 200.364(5) and NRS 200.366 produces an absurd result, for it "criminalize[s] every doctor, nurse, or parent who must, for example, insert a finger inside a child's rectum to dislodge a stoppage caused by constipation or to clean areas soiled by dirty diapers or insertion of a suppository." On this basis, the Solanders urge this court to apply the rule of lenity to NRS 200.364's definition of sexual penetration. But "ambiguity is the cornerstone of the rule of lenity, [and] the rule only applies when other statutory interpretation methods, including the plain language, legislative history,

---

[2]This interpretation is consistent with the legislative history of NRS 200.364 and 200.366, which discussed rape and sexual assault as crimes of violence, not sex, finding that sexual assault is committed primarily for power, then for anger, and finally, in a small number of cases, for sexual gratification. Hearing on S.B. 412 Before the Senate Judiciary Comm., 59th Leg. (Nev., April 5, 1977).

reason, and public policy, have failed to resolve a penal statute's ambiguity." *State v. Lucero*, 127 Nev. 92, 99, 249 P.3d 1226, 1230 (2011) (internal citations and quotations omitted). We decline to apply the rule of lenity because the statutory definitions of "sexual assault" and "sexual penetration" are not ambiguous.

B.

The Solanders argue, and the district court agreed, that the insertion of a catheter into the urethra to void the bladder for legitimate medical purposes should not constitute sexual assault as a matter of law and sound public policy.[3] The Solanders point to the 2015 amendments to NRS 200.364, which added the proviso that "[t]he term [sexual penetration] does not include . . . conduct [involving penetration] for medical purposes." 2015 Nev. Stat., ch. 399, § 7, at 2235. This amendment brought NRS 200.364(5) and NRS 200.366 into line with statutes in at least 14 other states that have similar bona fide medical purpose exceptions in their sexual assault statutes. *See* Model Penal Code § 213.06 comment on Sexual Assault and Related Offenses (Am. Law Inst., Discussion Draft No. 2, 2015) (discussing proposed § 213.06, which

[3]Janet also asserts that the alleged conduct does not constitute sexual assault based on her attempt to distinguish the urinary opening, or urethra, from one's genital opening. Penetration of the urethra, however, is encompassed under NRS 200.364's definition of "sexual penetration." *See* NRS 200.364(5) (stating "genital or anal opening" under definition of sexual penetration); *see Tyler v. State*, 950 S.W.2d 787, 789 (Tex. Ct. App. 1997) (upholding sexual assault charge after concluding that urethra is included in the female genitalia, which is all the statute requires); *see also People v. Quintana*, 108 Cal. Rptr. 2d 235, 238 (Ct. App. 2001) ("[A] 'genital' opening is not synonymous with a 'vaginal' opening . . . . The vagina is only one part of the female genitalia, which also include inter alia the labia majora, labia minor, and the clitoris.").

provides that otherwise criminal "sexual penetration" does not occur if "done for bona fide medical, hygienic, or law enforcement purposes," and noting that statutes in 14 states have some form of this exception).

The 2015 amendment to NRS 200.364(5), adding an express "medical purpose" exception to Nevada's sexual assault statute, does not apply to the Solanders' alleged conduct, which occurred before its effective date. *See* 2015 Nev. Stat., ch. 399, § 27, at 2245 (stating that the amendatory provisions of NRS 200.364(5) "apply to an offense that is committed on or after October 1, 2015"). Nonetheless, as the State itself suggests, sexual penetration that is proven to have been undertaken for a bona fide medical purpose, as when a doctor assists an unconscious woman in delivering a baby, may not establish the crime of sexual assault, either because consent to the penetration is implied under such circumstances, *see* NRS 200.366(1) (the penetration must be "against the will of the victim"), because the criminal law generally requires *mens rea*, *see* NRS 193.190,[4] or because the defense of necessity applies.[5]

---

[4]NRS 193.190 provides: "In every crime or public offense there must exist a union, or joint operation of act and *intention*, or criminal negligence." (Emphasis added.) The State agrees with this interpretation, placing the burden of proving the requisite *mens rea* on the State, which can be negated by the defense of a legitimate medical purpose. *See People v. Burpo*, 647 N.E.2d 996, 998 (Ill. 1995) (holding that a gynecologist's "good faith will protect him from criminal sanctions," and requiring the State to "prove that the gynecologist possessed a mental state of intent, knowledge, or recklessness," which the gynecologist can rebut).

[5]The State asserts consent, lack of *mens rea*, and necessity as possible defenses or theories the Solanders may argue at trial, depending on proof. At this stage in the proceedings, none of these defenses or theories were argued and developed below, precluding this court from

*continued on next page...*

Indeed, such has been the holding of other state courts that have interpreted statutes that, like NRS 200.364(5) and NRS 200.366 before their 2015 amendment, did not include an express bona fide medical purpose exception. *E.g., State v. Lesik*, 780 N.W.2d 210, 214 (Wis. Ct. App. 2009) ("It would be equally absurd to imagine the legislature intended to include legitimate medical, health care and hygiene procedures within the bounds of 'sexual intercourse' for the assault of a child statute. . . . Accordingly, . . . 'sexual intercourse' as used in the sexual assault of a child statute does not include 'bona fide medical, health care, and hygiene procedures.'"); *see also Roberson v. State*, 501 So. 2d 398, 400 (Miss. 1987) ("Although, on its face, the definition of sexual penetration announced in § 97-3-97 encompasses *any* penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification, not merely the product of clinical examinations or domestic, parental functions.").

We thus agree that, if the Solanders undertook the catheterization for a bona fide medical purpose, they may avoid criminal liability under NRS 200.366. The problem is, though, that the question is not just a question of law, but also one of fact. In this case, as the State asserts, "evidence adduced at [the] preliminary hearing illustrated that the catheters were used as a form of punishment, not for any medical use." Accordingly, we disagree with the Solanders that the insertion of a catheter into the urethra cannot constitute sexual assault as a matter of

---

...*continued*
adopting them as a matter of law and circumventing the jury's role in deciding questions of fact.

law because, while a catheter has a medical purpose, it does not necessarily follow that it was used for legitimate medical purposes. The reasons why a catheter was used, and the manner in which it was used, are questions of fact for the jury, not the court, to decide. *See State v. Preston*, 30 Nev. 301, 308, 97 P. 388, 388 (1908) ("[J]udges shall not charge juries in respect to matters of fact." (internal quotation omitted)); *see also Winnerford Frank H. v. State*, 112 Nev. 520, 526, 915 P.2d 291, 294 (1996) (holding the State must prove the required *mens rea* to commit sexual assault beyond a reasonable doubt as it is a general intent crime).

### III.

The district court erred when it held, as a matter of law, that the insertion of a catheter into the urethra of a minor under the age of 14 cannot, under any circumstances, constitute sexual assault. Here, the preliminary hearing testimony provides probable cause to support the charges of sexual assault, and the law does not prohibit the State from proceeding with these charges. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Valerie Adair, District Judge
Attorney General/Carson City
Clark County District Attorney
Mueller Hinds & Associates
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A