*548 OPINION
By the Court,
Maupin, J.:
In this case, we consider the district court’s role in evaluating potential juror bias in grand jury proceedings. We conclude that it is the domain of the district court judge, not the prosecuting attorney, to determine whether grand juror bias exists as such claims arise. However, when a defendant has been found guilty by a petit jury following a fair trial of the crime for which he was indicted by a grand jury, we conclude that any error that may have occurred as a result of grand juror bias is harmless.

FACTS AND PROCEDURAL HISTORY

A jury convicted appellant, Joaquin Hill, of the murder of Alice Mosconi, an elderly woman from Verdi, Nevada, a small community west of Reno. The State prosecuted the matter by way of grand jury indictment.
Five of the jurors at the grand jury proceedings disclosed that they knew witnesses in the case or were acquainted with the facts of it. Specifically:
• One grand juror stated that her children attended school with the children of a pathologist who testified concerning some post-mortem observations of the victim. The grand juror nonetheless indicated that she could make an impartial decision concerning the State’s efforts to seek an indictment in the matter.
• A second grand juror admitted to being “familiar with” a relative of the victim and stated that she had heard speculation about the events in question. This juror renounced having any knowledge of the facts and circumstances of the case and affirmed that she could act impartially.
• A third grand juror stated that he knew two of the victim’s relatives and lived in the same community as the victim. He stated, however, that he could make an impartial decision concerning the case before him.
• A fourth grand juror attended high school with the victim’s daughter, a potential witness in the case, and had later, as an adult, represented the daughter in another matter. This juror was subsequently excused.
• A fifth grand juror stated that he was also a resident of Verdi and was acquainted with relatives of the victim. He did, however, represent his belief that these circumstances would not affect his impartiality.
Thus, four of the five grand jurors who knew witnesses or were familiar with the case participated in the proceedings that ultimately *549 led to Hill’s indictment for first-degree murder, with the use of a deadly weapon, of a person over the age of 65 years.[2]
Hill challenged the indictment via motion to dismiss and a pretrial petition for a writ of habeas corpus, in which he sought dismissal based upon the five grand jurors’ familiarity with the witnesses and facts of the case and based upon the prosecution’s failure to bring the issue of the grand jurors’ bias to the attention of the district court prior to the issuance of the indictment. The district court denied the petition and the motion primarily on the ground that Hill demonstrated no prejudice.
The trial jury found Hill guilty and the district court imposed a sentence of life imprisonment without parole, plus a consecutive life term without parole on the enhancement for committing the crime upon an elderly person.[3] This timely appeal followed.
Hill’s only claim on appeal is that the district court trial violated his Fifth Amendment right to due process because his case was not heard by an unbiased grand jury. While we agree that the State erred in failing to bring the bias and interest issues to the attention of the district court during the grand jury proceedings when identified, we nevertheless affirm the district court’s denial of Hill’s motion to dismiss the indictment and pretrial petition for a writ of habeas corpus because we discern no actual bias issues in this matter and the jury verdict of guilty resulting from a fair trial rendered harmless any error in the grand jury proceedings.

DISCUSSION

Hill argues that a defendant has the right to an indictment returned by a “legally constituted and unbiased grand jury” as a matter of fundamental fairness. He asserts that four of the grand jurors who deliberated in this case were biased and that there is no way to determine whether a quorum of unbiased jurors actually deliberated on the indictment.[4] He also claims that the prosecutor improperly made his own determination about whether the grand jurors could properly hear the case, failed to make any particular findings in the record, and failed to recommend to the grand jurors that they excuse themselves. Hill further argues that the prosecutor violated his due process right by failing to inform the district court *550 of any possible grand juror bias. He contends that the district courts’ power to supervise grand juries requires trial judges to rule on possible grand juror bias or interest as such issues arise during the course of grand jury proceedings.
The State responds that the district court’s supervisory role over the grand jury does not, of necessity, involve preindictment review of the bias or interest of grand jurors in particular cases, the record supports the district court’s ultimate decision that Hill failed to show that the jurors should have been disqualified, and any error was harmless as a matter of law.

Standard of review

In Dettloff v. State, we noted that it is appropriate for the district court to grant a petition for a writ of habeas corpus when the prosecution acted in “‘a willful or consciously indifferent manner with regard to a defendant’s procedural rights,’ or where the grand jury indicted the defendant on criminal charges without probable cause.”[5] This court “will not disturb a decision of the district court that the prosecution exhibited conscious indifference to a defendant’s important procedural rights if there is substantial evidence in the record to support the district court’s determination.”[6]
We review a district court’s decision to grant or deny a motion to dismiss an indictment for abuse of discretion.[7] However, a grand jury indictment need only be dismissed on appeal if the defendant shows actual prejudice.[8]

Duty to inform the district court of potential grand juror bias

NRS 172.097 governs grand jury proceedings and provides that “[t]he district judge impaneling a grand jury shall supervise its *551 proceedings.” In addition, NRS 172.275 governs when a grand juror is to be excused, providing that “[a]t any time for cause shown the court may excuse a juror either temporarily or permanently, and in the latter event the court may impanel an alternate grand juror in place of the juror excused.”
This court addressed NRS 172.097 and the judicial branch’s supervisory function with respect to grand juries in Lane v. District Court.[9] In that case, we explained that “control of the grand jury’s functions is not vested in the district attorney or his office and ... the grand jury should function independently of the prosecution.”[10] Rather, based on NRS 172.097 and prior decisions, we concluded that “ ‘[g] rand juries have traditionally been within the control of the courts, and the trial judge should exercise his powers when appropriate.’”[11] We further explained that Nevada’s “‘constitutional and statutory schemefs] contemplate reasonable judicial control of [its] grand juries.’ ”[12]
Based on NRS 172.097 and Lane, we now conclude that it is unquestionably the domain of the district court, not the State, to resolve issues concerning potential bias or interest of sitting grand jurors in individual cases. Because the State failed to bring the bias and interest issues to the attention of the district court during the grand jury proceedings below when identified, it failed to comply with NRS 172.097 in the instant case.

Actual prejudice/harmless error

Regardless of the procedural error in failing to report the bias issues to the district court, we can discern no actual bias issues in this matter. Specifically, none of the grand jurors indicated that they would be unable to make an impartial decision.[13] Because Hill does not provide any evidence of actual bias or prejudice, his arguments amount to mere speculation about possible error and failure to meet quorum requirements. Accordingly, we conclude that the district court’s evaluation of the bias issue post-indictment *552 did not violate Hill’s due process rights under the Fifth Amendment. We therefore further conclude that the district court properly denied Hill’s motion to dismiss and petition for a writ of habeas corpus.
Moreover, even if Hill could establish a Fifth Amendment violation, we conclude that any such error would be harmless as a matter of law. This court has approvingly cited to the United States Supreme Court decision in United States v. Mechanik[14] for the proposition that ‘“a jury verdict of guilty [resulting from a fair trial] may render harmless an error in the grand jury proceedings.’ ”[15] Several circuit courts have applied Mechanik to situations involving potential grand juror bias.[16] Although we have not applied Mechanik to cases involving grand juror bias, we now join those courts that have done so. Because Hill has not argued or otherwise suggested that he received anything other than a fair trial, we conclude that any error during the grand jury proceedings was harmless.

CONCLUSION

We conclude that the State improperly failed to report issues of potential grand juror bias to the district court. However, because we discern no actual bias issues in this matter, we conclude that the district court did not err in denying Hill’s motion to dismiss the indictment and pretrial petition for a writ of habeas corpus. Moreover, because the petit jury convicted Hill of the crime for which he was indicted, and because he has not attacked the fairness of the actual trial proceedings, we further conclude that any potential grand juror bias which may have existed was harmless. For the foregoing reasons, we affirm the judgment of conviction.
Gibbons, C. J., Hardesty, Parraguirre, Douglas and Cherry, JJ., concur.

 Hill was charged with violating NRS 200.010 (murder), NRS 200.030 (degrees of murder), NRS 193.165 (deadly weapon enhancement), and NRS 193.167 (elderly person enhancement).

 In accordance with NRS 193.169(1), Hill’s sentence was enhanced only once despite being charged with enhancements for both the use of a deadly weapon and for committing a crime against an elderly person over the age of 65. We note that the age threshold for this enhancement was reduced to age 60 by the 2003 Legislature. See 2003 Nev. Stat., ch. 422, § 1, at 2566-67.

 Hill also made this argument before the district court. He further argued that there was no way to determine whether any of the grand jurors shared their information with other grand jurors.

 120 Nev. 588, 595, 97 P.3d 586, 590 (2004) (quoting Sheriff v. Roylance, 110 Nev. 334, 337, 871 P.2d 359, 361 (1994)). In another connection in Dettloff, we also noted that “[a] grand jury indictment will be sustained where the State submits sufficient legal evidence to establish probable cause, even though inadmissible evidence may have been offered.’ ’ Id. We clarified that “ ‘ “[t]he finding of probable cause may be based on slight, even ‘marginal’ evidence, because it does not involve a determination of the guilt or innocence of an accused.” ’ ” Id. at 595, 97 P.3d at 590-91 (quoting Sheriff v. Simpson, 109 Nev. 430, 435 , 851 P.2d 428 , 432 (1993) (quoting Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980))).

 Roylance, 110 Nev. at 337, 871 P.2d at 361 (citing State v. Autry, 103 Nev. 552, 746 P.2d 637 (1987); Sheriff, Nye County v. Davis, 106 Nev. 145, 787 P.2d 1241 (1990); Sheriff v. Menendez, 98 Nev. 430, 651 P.2d 98 (1982); McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973)).

 McNelton v. State, 115 Nev. 396, 414, 990 P.2d 1263, 1275 (1999).

 See Dettloff, 120 Nev. at 596 n.18, 97 P.3d at 596 n.18 (citing Echavarria v. State, 108 Nev. 734, 745 n.4, 839 P.2d 589, 596 n.4 (1992) (citing People v. Towler, 641 P.2d 1253 (Cal. 1982))).

 104 Nev. 427, 760 P.2d 1245 (1988).

 Id. at 437, 760 P.2d at 1251.

 Id. at 437-38, 760 P.2d at 1251-52 (citations omitted) (quoting In re Report Washoe Co. Grand Jwy, 95 Nev. 121, 126, 590 P.2d 622, 625-26 (1979)).

 Id. at 438, 760 P.2d at 1252 (quoting In re Report Washoe Co. Grand Jury, 95 Nev. at 126, 590 P.2d at 625-26) (emphasis deleted).

 In this, we note that other state courts have held that it is acceptable for grand jurors who personally know witnesses or are familiar with the circumstances of the case to be impaneled if they can be impartial. See, e.g., People v. Edmond, 273 N.W.2d 85 (Mich. Ct. App. 1978); State v. Watkins, 590 P.2d 169 (N.M. Ct. App. 1979).

 475 U.S. 66, 71-73 (1986).

 Echavarria v. State, 108 Nev. 734, 745 n.4, 839 P.2d 589, 596 n.4 (1992).

 See, e.g., Porter v. Wainwright, 805 F.2d 930 (11th Cir. 1986); see also Williams v. Stewart, 441 F.3d 1030 (9th Cir. 2006).