An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STACIE EVANS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61770

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit battery and battery by a prisoner. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

First, appellant Stacie Evans contends that insufficient evidence supports his convictions. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). At trial, evidence was presented that Evans and another inmate exited their cells and went down to the lower tier of the prison facility while medication was being distributed. Evans entered the victim's cell, a fight ensued, and when a corrections officer attempted to intervene the other inmate attacked the victim's cellmate. The jury heard a recorded phone call that Evans made the night prior to the incident wherein he referenced a plan to fight someone. We conclude that the jury could reasonably infer from the evidence presented that Evans conspired to commit battery and committed battery while incarcerated. *See* NRS 199.480(3)(a); NRS 200.481(2)(f). Circumstantial evidence is enough to

13-21435

support a conviction, *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998), and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, Evans contends that the district court abused its discretion by denying his motion to dismiss because insufficient evidence was presented at the preliminary hearing to support each charge. We review a district court's decision to grant or deny a pretrial motion to dismiss for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). Even assuming that Evans' motion was procedurally proper, we conclude that the district court did not abuse its discretion by denying it because the State presented sufficient evidence to support each charge. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (to bind an accused over for trial, "the state is not required to negate all inferences which might explain [his] conduct, but only to present enough evidence to support a reasonable inference" that the accused committed the offense); *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (we will affirm the district court if it reaches the right result).

Third, Evans contends that the district court abused its discretion by allowing the State to introduce into evidence outdated field identification cards in order to establish his gang affiliation and that evidence regarding his gang affiliation was unduly prejudicial. This claim lacks merit because evidence that Evans was a member of a gang was necessary to prove the gang enhancement of the charged crime and the field identification cards were relevant evidence of Evans' gang

membership. *See* NRS 193.168; *Somee v. State*, 124 Nev. 434, 446, 187 P.3d 152, 160 (2008). And, no prejudice resulted because Evans was ultimately acquitted of the gang enhancement. We conclude that the district court did not abuse its discretion.

Fourth, Evans contends that the district court erred by granting the State's pretrial motion to admit Eric Dimas' preliminary hearing testimony because it was untimely and the State failed to demonstrate good cause to excuse the untimely filing. *See* NRS 174.125(1); *Hernandez v. State*, 124 Nev. 639, 648-49, 188 P.3d 1126, 1132-33 (2008). Even assuming that the district court erred by granting the State's motion and allowing Dimas' preliminary hearing testimony to be read into the record, we conclude that any error was harmless because we are convinced beyond a reasonable doubt that Dimas' testimony did not contribute to Evans' conviction. *See Hernandez*, 124 Nev. at 652, 188 P.3d at 1135.

Fifth, Evans contends that the district court abused its discretion by rejecting his proposed instruction defining "affray." A defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Rosas v. State*, 122 Nev. 1258, 1262, 147 P.3d 1101, 1104 (2006), but he is not entitled to instructions that are misleading or inaccurate, *Crawford v. State,* 121 Nev. 744, 754, 121 P.3d 582, 589 (2005), and a request for a lesser-included offense instruction is conditioned on that offense being necessarily included in the charged offense, *Rosas*, 122 Nev. at 1263, 147 P.3d at 1105. Because "affray" is not a lesser-included offense of the charged crimes, *compare* NRS 199.480(3)(a), *and* NRS 200.481(2)(f), *with* NRS 203.050, and the instruction was misleading because "affray" was not charged, we conclude that the district court did

not abuse its discretion, *see Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009).

Sixth, Evans contends that cumulative error deprived him of a fair trial. Balancing the relevant factors, we conclude that this contention lacks merit. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Douglas W. Herndon, District Judge
     Law Office of Betsy Allen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk