An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WARREN MCCLINTON,
Petitioner,
vs.
CLARK COUNTY JUSTICE COURT
FOR THE TOWNSHIP OF NORTH LAS
VEGAS; THE HONORABLE NATALIE
L. TYRRELL, JUSTICE OF THE
PEACE; THE EIGHTH JUDICIAL
DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY
OF CLARK; AND THE HONORABLE
KATHY A. HARDCASTLE, DISTRICT
COURT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63353

FILED

JUL 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER DISMISSING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court decision denying a motion to dismiss the information charging petitioner Warren McClinton with several felony and gross misdemeanor offenses. McClinton asserts that Nevada law precluded the State from proceeding against him on a criminal complaint without district-court approval because a grand jury declined to return an indictment on the same charges. We conclude that our intervention is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21974

A petition for a writ of mandamus or prohibition is appropriate only where the petitioner has no other plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330. Certain challenges to a charging document may be rendered moot by a jury verdict resulting from a fair trial, such as challenges to the sufficiency of the evidence to establish probable cause, *United States v. Mechanik*, 475 U.S. 66, 70 (1986), the failure to provide *Marcum* notice, *Lisle v. State*, 114 Nev. 221, 224-24, 954 P.2d 744, 746-47 (1998), the failure to present exculpatory evidence to a grand jury, *Echavarria v. State*, 108 Nev. 734, 745 & n.4, 839 P.2d 589, 596 & n.4 (1992), and grand juror bias, *Hill v. State*, 124 Nev. 546, 552, 188 P.3d 51, 54-55 (2008). In those situations, the reasoning is that the error is rendered harmless by a verdict that is based on proof beyond a reasonable doubt. *See id.* But the issue presented here goes to the State's authority to proceed on the charging document. That issue will not be rendered moot by a jury verdict resulting from a fair trial. The issue therefore can be addressed on appeal in the event that McClinton is convicted. *See* NRS 177.015(3); NRS 177.045. As such, McClinton has an adequate remedy in the ordinary course of law. Given that remedy, we are not convinced that judicial economy warrants our intervention. Accepting McClinton's argument in that regard would inundate this court with even more pretrial writ petitions and would likely

cause unnecessary delay in the orderly processing of criminal cases in district court, neither of which ultimately serves judicial economy. *See generally Nevada ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 662 P.2d 1338 (1983) (explaining that although issuance of pretrial writ of mandamus arising in summary judgment context may save litigation expenses and reduce district court's caseload, entertaining such petitions inundated this court, were disruptive of the orderly processing of civil cases in district court, increased expenses for the parties, and resulted in few if any meritorious petitions while expending a great deal of this court's limited resources).

Also weighing into our decision on this point is the fact that the issue presented has been known to McClinton for some time (it was litigated in the justice court in 2009 and in the district court in 2010). Although McClinton represents that he wanted prior counsel to pursue a writ petition earlier and that current counsel (his ninth) was not appointed until August 2012, it remains that the issues presented have been known for years but McClinton waited until the eve of trial to seek relief from this court. *Cf. State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 135, 994 P.2d 692, 697 (2000) (explaining that laches applies

to a petition for a writ of mandamus). For these reasons, we decline to intervene and we

ORDER the petition DISMISSED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Natalie L. Tyrrell, Justice of the Peace
       Hon. Jerome T. Tao, District Judge
       Hon. Kathy A. Hardcastle, Senior Judge
       Pitaro & Fumo, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[1]Given our resolution of the petition, we lift the stay imposed by our prior order.