An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH DARRELL ANDERSON, II,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63225



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence of a controlled substance thereby causing death to another. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Joseph Darrell Anderson, II, contends that the district court erred by denying his motion to dismiss based on double jeopardy grounds. Anderson claims that his guilty plea to misdemeanor failure to yield, *see* NRS 484B.257, barred a subsequent prosecution for felony DUI causing death, *see* NRS 484C.430(1)(d), because, as charged in the criminal information, the misdemeanor is a lesser-included offense of the felony. Pursuant to the plea agreement, Anderson preserved the right to challenge the district court's denial of his motion on appeal. *See* NRS 174.035(3).

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). Failure to yield is not a lesser-included offense of DUI causing death because each requires proof of an element the other does not "notwithstanding a substantial overlap in the

proof offered to establish the crimes." *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (internal quotation omitted). Therefore, convictions for both do not violate the proscriptions against double jeopardy. *See Blockburger v. United States,* 284 U.S. 299, 304 (1932) (establishing an elements test for double jeopardy purposes); *Jackson v. State,* 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012), *petition for cert. filed,* 81 U.S.L.W. (U.S. Mar. 5, 2013) (No. 12-9118); *see also State of Nevada v. Eighth Judicial Dist. Court,* 116 Nev. 127, 135 & 136 n.7, 994 P.2d 692, 697 & n.7 (2000) (DUI and "traffic code infractions occurring during the same driving episode" each require proof of an element the other does not and are not the same offenses under *Blockburger*). We conclude that the district court did not err by rejecting Anderson's claim or abuse its discretion by denying his motion to dismiss. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (we review a district court's denial of a motion to dismiss for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                        Saitta

---

[1]The fast track response submitted by the State uses an improper typeface, 11-point Arial, and therefore fails to comply with NRAP 32(a)(5). Counsel for the State is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Robert W. Lane, District Judge
Gibson Law Group
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk