An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM RAY BRUEGGEMANN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64392

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with the use of a deadly weapon, grand larceny auto, grand larceny, and burglary while in possession of a deadly weapon. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

First, appellant Adam Ray Brueggemann argues that the district court erred by admitting the victim's preliminary hearing testimony because he was denied the opportunity to fully cross-examine the victim. We have held that preliminary hearing testimony "may be used at trial . . . if three preconditions exist: first, that the defendant was represented by counsel at the preliminary hearing; second, that counsel cross-examined the witness; third, that the witness is shown to be actually unavailable at the time of trial." *Hernandez v. State*, 124 Nev. 639, 645, 188 P.3d 1126, 1130 (2008) (internal quotation marks omitted). "Admission of prior testimony comports with the requirements of the Sixth Amendment of the United States Constitution provided that defense counsel had the opportunity to, and in fact did, thoroughly cross-examine the witness." *Grant v. State*, 117 Nev. 427, 432, 24 P.3d 761, 764 (2001) (footnote omitted).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15266

Brueggemann concedes that he was represented by counsel at the preliminary hearing and that counsel cross-examined the victim. However, he contends that his cross-examination was limited when counsel attempted to delve into alleged text messages the victim sent Brueggemann. Additionally, Brueggemann argues that he was denied an adequate opportunity to cross-examine the victim because, at the time of the preliminary hearing, he had not been provided certain discovery that revealed the inconsistency in the victim's testimony.[1] Our review of the record shows that counsel thoroughly cross-examined the victim at the preliminary hearing. Moreover, trial counsel challenged the victim's credibility at trial by highlighting inconsistencies in his story during closing argument. As to the justice court's limitation of the cross-examination, our review of the record reveals that the justice court merely ruled that counsel's question had been asked and answered and did not unconstitutionally limit counsel's cross-examination of the victim. Therefore, we conclude that the district court did not err by admitting the victim's preliminary hearing testimony on this basis.

Second, Brueggemann contends that the district court erred by allowing the State to use the victim's preliminary hearing testimony at trial when the State's motion to admit the testimony was untimely and the State failed to show good cause. NRS 174.125(3)(a) required the State to file its motion to admit the victim's preliminary hearing testimony at least 15 days before trial. Here, the State submitted its motion one week before

_____

[1]While Brueggemann asserts that later discovery revealed an inconsistency in the victim's testimony, he fails to assert what inconsistency was revealed.

trial. Because the State's motion was untimely, it was required to show good cause for the delay. NRS 174.125(4); *Hernandez*, 124 Nev. at 648, 188 P.3d at 1132. "[T]o establish good cause for making an untimely motion to admit preliminary hearing testimony, the [proponent of the testimony] must provide an affidavit or sworn testimony regarding its efforts to procure the witness prior to the pretrial motion deadline." *Id.* This court reviews a district court's finding that the prosecution exercised constitutionally reasonable diligence to procure a witness's attendance as a mixed question of law and fact, giving deference to the district court's findings of fact. *Id.* at 646-47, 188 P.3d at 1131-32. However, we "will independently review whether those facts satisfy the legal standard of reasonable diligence." *Id.* at 647, 188 P.3d at 1132.

Here, the State included an affidavit with its motion to admit the challenged testimony in which a State investigator and the prosecutor outlined their efforts to secure the victim's presence at trial. The investigator averred that he contacted the victim to coordinate a time and place to serve a subpoena for the initial trial date, but shortly after speaking with the victim, all subsequent calls went unanswered. The prosecutor had contact with the victim from the inception of the case until three months before trial, and in each conversation the victim affirmed his interest in the case. After numerous calls and voicemails went unanswered, the prosecutor attempted to locate the victim using police records, contacting the victim's reported address on a traffic citation. The investigator attempted to locate the victim utilizing power, telephone, and public assistance records. Despite these efforts, the victim did not appear at trial. The district court found that the State showed good cause for the late filing of the motion. We conclude that the record demonstrates that

the State exercised reasonable diligence in attempting to secure the victim's presence at trial and therefore established good cause for the late filing of its motion to admit his prior testimony. Accordingly, we conclude that the district court did not err by admitting the victim's preliminary hearing testimony.

Third, Brueggemann argues that the district court erred by allowing the State to present evidence of other bad acts at trial, specifically that Brueggemann was stopped in a vehicle matching the description of the getaway car eleven days after the robbery and that a revolver was discovered in the vehicle. The district court concluded that the traffic stop was not a prior bad act, therefore a *Petrocelli* hearing was not required, and that the evidence was relevant and admissible. Brueggemann fails to demonstrate that the district court abused its discretion by determining the traffic stop was not a bad act subject to NRS 48.045(2) and admitting the evidence. *See* NRS 48.015; *Mclellan v. State,* 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion.").

Fourth, Brueggemann contends that the district court erred by allowing hearsay testimony to be admitted at trial. Brueggemann claims that the victim's statements about the attackers' description and the items taken were erroneously admitted through an officer's testimony. We review a district court's determination as to whether a statement falls within a hearsay exception for an abuse of discretion. *Rodriguez v. State,* 128 Nev. ___, ___, 273 P.3d 845, 848 (2012). As the victim's statements were made shortly after he was robbed at gunpoint and while he was still under the stress of the event, the statements fell within the excited utterance exception to the hearsay rule. *See* NRS 51.095; *Rowland v.*

*State*, 118 Nev. 31, 42-43, 39 P.3d 114, 121 (2002). Therefore, we conclude that the district court did not abuse its discretion by admitting the statements.

Fifth, Brueggemann argues that the district court erred by giving jury instructions #33 and #43, which instructed the jury on coconspirator and aiding and abetting liability respectively. Brueggemann argues that both instructions did not identify the required specific intent. "This court reviews a district court's decision settling jury instructions for an abuse of discretion or judicial error; however, whether the instruction was an accurate statement of the law is a legal question that is reviewed de novo." *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009) (citation omitted). Given that jury instructions regarding intent must be read together and not in isolation, *see Greene v. State*, 113 Nev. 157, 167-68, 931 P.2d 54, 61 (1997) *overruled on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000), we conclude that the jury instructions as a whole clearly specified the intent required to convict Brueggemann of the charged crimes.[2] Therefore, we conclude that Brueggemann has not shown that the district court abused its discretion.

---

[2]We note that instruction #4 informed the jury that "[t]o prove the defendant guilty of a specific intent crime on a theory of co-conspirator liability, the State must prove beyond a reasonable doubt that the defendant possessed the specific intent to commit the crime charged." Furthermore, instruction #41 informed the jury that "[t]o find a defendant guilty for the specific intent crime of another under an aiding or abetting theory of principal liability, the state must prove beyond a reasonable doubt that the aider or abettor knowingly aided the other person with the specific intent that the other person commit the charged crime."

Sixth, Brueggemann contends that the district court erred by denying his motion to dismiss for prosecutorial misconduct. He alleges that the misconduct occurred when, during trial preparation, two prosecutors met with a codefendant, while she was on probation and without her attorney present, in an attempt to persuade her to testify against Brueggemann at trial. The district court conducted an evidentiary hearing, during which the codefendant testified, and denied the motion, concluding that the prosecutors' conduct did not directly relate to Brueggemann's rights but instead affected the codefendant. We review a district court's denial of a motion to dismiss for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). Brueggemann fails to offer any argument or citation to legal authority in support of his claim; rather he merely repeats the codefendant's testimony from the evidentiary hearing and summarily claims that he was denied a fair trial. We conclude that Brueggemann fails to demonstrate that the district court abused its discretion.

Seventh, Brueggemann argues that the cumulative effect of the above errors denied him a fair trial. Because we found no error, there are no errors to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Bush & Levy, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A