An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD ALVA OLIVER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64441

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a deadly weapon, robbery, battery with the intent to commit robbery, and two counts each of conspiracy to commit robbery and burglary. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

First, appellant Donald Alva Oliver contends that the district court erred by denying his oral motion to dismiss or, alternatively, for a mistrial, based on the State's failure to turn over allegedly exculpatory evidence prior to trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Oliver made his motion after the State's final witness, Officer Corie Rapp, testified about information not provided to the defense—that the victim of the robbery occurring on July 10, 2012, identified Oliver's coconspirator after reviewing a photographic lineup. We disagree with Oliver's contention.

Determining whether the State adequately disclosed information pursuant to *Brady* involves questions of both fact and law which we review de novo. *See State v. Bennett*, 119 Nev. 589, 599, 81 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34426

1, 7-8 (2003). Here, the district court heard arguments from counsel and denied Oliver's motion. The district court stated that "the information probably should have been turned over," but ultimately found that the victim's identification of the second suspect in the robbery was not exculpatory. Moreover, we conclude, in light of the evidence presented, there is not a "reasonable possibility" that a more timely disclosure of the information in question would have affected the outcome of Oliver's trial. *See Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000); *see also State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) ("To prove a *Brady* violation, the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." (quotation marks omitted)), *cert. denied*, ___ U.S. ___, 133 S. Ct. 988 (2013). Therefore, we further conclude that the district court did not err by determining that the State did not violate *Brady* or abuse its discretion by denying Oliver's motion to dismiss or, alternatively, for a mistrial. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (we review a district court's denial of a motion to dismiss for an abuse of discretion); *Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (we review a district court's denial of a motion for a mistrial for an abuse of discretion).[1]

---

[1]To the extent it was raised, we also conclude that Oliver fails to demonstrate that he is entitled to relief based on the late disclosure of a taped interview of a third individual involved in the July 10th robbery.

Second, Oliver contends that the district court erred by denying his pretrial motion to sever the charges.[2] Oliver claims that charges stemming from the two robberies were improperly joined for trial because the offenses were not "connected together" and "there is no mutually cross-admissible evidence." We disagree.

Under NRS 173.115(2), the State may charge two or more offenses in the same information, with a separate count for each offense, if the offenses are "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan." If it appears that a defendant will be prejudiced by joinder, the district court may grant a severance. *See* NRS 174.165(1). Here, the district court conducted a hearing and found that "due to the close proximity in time and location and the similar modus operandi, there is sufficient evidence that the alleged robberies constitute a common scheme or plan." *See Middleton v. State*, 114 Nev. 1089, 1107, 968 P.2d 296, 308 (1998). The district court determined that "evidence of each robbery would be cross-admissible in separate trials" pursuant to NRS 48.045(2), *see Weber v. State*, 121 Nev. 554, 573, 119 P.3d 107, 120 (2005), and that Oliver was "not unfairly prejudiced by joinder of the charges," *see id.* at 574-75, 119 P.3d at 121; *see also Middleton*, 114 Nev. at 1108, 968 P.2d at 309 ("Misjoinder requires reversal only if the error has a substantial and injurious effect on the

---

[2]The Honorable Douglas Smith, District Judge, ruled on Oliver's motion to sever the charges.

jury's verdict."). We conclude that the district court did not abuse its discretion by denying Oliver's motion to sever the charges. *See Weber*, 121 Nev. at 570, 119 P.3d at 119 (we review a district court's decision to join or sever charges for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jerry A. Wiese, District Judge
       Nguyen & Lay
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk