# IN THE SUPREME COURT OF THE STATE OF NEVADA

BERENICE DE LA CRUZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75563

FILED

MAR 1 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to violate the Uniform Controlled Substances Act and two counts of trafficking in 28 grams or more of a schedule 1 controlled substance. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Berenice De La Cruz argues that the district court abused its discretion by denying her motion to dismiss because the State failed to disclose evidence in a timely manner. We disagree.

At De La Cruz's request, the district court continued two trial settings based on the State's late disclosure of several state and federal law enforcement reports, audio and visual recordings, fingerprint results, and monetary payments to a confidential informant—items discovered by the State during follow-up meetings with law enforcement shortly before the second and third trial settings. De La Cruz moved for dismissal, arguing that the failure to timely disclose evidence constituted government misconduct. The district court denied the motion, finding that the reports and recordings were not exculpatory, the State's delayed disclosure was not deliberate, and De La Cruz failed to show substantial or unfair prejudice because the trial continuances allowed her to obtain and review the additional materials and prepare for trial. But, as a remedy, the district

court prohibited the State from presenting inculpatory evidence recovered from De La Cruz's mobile phone that was not timely obtained or disclosed.

This court reviews a district court's denial of a motion to dismiss an indictment for an abuse of discretion. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). "Dismissal of an indictment on the basis of governmental misconduct is an extreme sanction that should be utilized infrequently," and to warrant dismissal "the defendant must show substantial prejudice." *Lay v. State*, 110 Nev. 1189, 1198, 886 P.2d 448, 454 (1994). This court has concluded that a defendant shows prejudice "only when there is a reasonable probability that the outcome would have been different absent the misconduct." *Id.*

The record supports that, as soon as the State discovered the undisclosed evidence, it took steps to procure it and immediately disclose it to De La Cruz. The court then delayed the trial to give De La Cruz sufficient time to prepare her defense with the newly-disclosed evidence. Indeed, De La Cruz used the disclosed materials in questioning witnesses during trial. Consequently, we are not convinced that there was a reasonable probability that the trial's outcome would have been different if the State made the disclosures earlier. We therefore conclude that the district court did not abuse its discretion by denying De La Cruz's motion to dismiss. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. James Todd Russell, District Judge
Troy Curtis Jordan
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A