# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAVAR ERIS KETCHUM A/K/A JAMES TERCHUM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75097

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Javar Ketchum raises three main contentions on appeal.

Ketchum first argues that the district court erred by denying his pretrial petition for a writ of habeas corpus and motion to dismiss the indictment. We do not agree that the district court abused its discretion, *see Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing denials of motions to dismiss indictments for an abuse of discretion), as the detective's testimony that Ketchum complains about was not hearsay but was a permissible narration that aided the grand jury while viewing a surveillance video. *See Burnside v. State*, 131 Nev. 371, 387-89, 352 P.3d 627, 639-640 (2015) (explaining that narration of surveillance video is proper if it assists the jury in making sense of the depicted images); *see also* NRS 51.053 (defining hearsay). Even if that testimony was inadmissible during the grand jury proceeding, the State presented sufficient legal evidence to sustain the grand jury indictment, and the subsequent jury verdict under the higher beyond-a-reasonable-doubt standard cured any

19-38176

irregularities in the grand jury proceeding. *Dettloff v. State*, 120 Nev. 588, 596 & n.18, 97 P.3d 586, 591 & n.18 (2004).

Second, Ketchum argues that the district court abused its discretion by excluding evidence of the victim's specific past acts of violence, which Ketchum claims supported his theory of self-defense. *See Petty v. State*, 116 Nev. 321, 325, 997 P.2d 800, 802 (2000) (reviewing evidentiary decisions for an abuse of discretion). We disagree. The alleged prior bad acts were not admissible under NRS 48.045(2) because they were too dissimilar and distant in time from the victim's alleged actions in this case. *See Rosky v. State*, 121 Nev. 184, 196, 111 P.3d 690, 698 (2005) (concluding that prior bad acts were inadmissible under NRS 48.045(2) for a nonpropensity purpose where they were dissimilar in nature and there was a lengthy time gap between those acts and the current charges). Further, the State did not open the door to the admission of such evidence by asking the victim's fiancée if she ever saw the victim with a gun because that question did not call for the witness to opine on the victim's character. *See* NRS 48.045 (providing the circumstances under which character and prior bad acts evidence is admissible).[1] In addition, the district court did not abuse its discretion in excluding the victim's past robbery convictions because Ketchum did not know about them and therefore they could not be offered to support his self-defense theory. *See Petty*, 116 Nev. at 325-27, 997 P.2d at 802-03 (explaining that a defendant can support his self-defense argument with prior acts tending to show the victim as a violent person,

---

[1]Because we conclude that the State did not introduce improper character evidence, we need not address Ketchum's argument that the court should have admitted the victim's alleged prior bad acts to rebut that character evidence.

provided that the accused had knowledge of some specific act of violence committed by the victim).

Third, Ketchum contends for the first time on appeal that the State ambushed him during closing argument with inculpatory video surveillance evidence that was neither provided in discovery nor presented during the State's case-in-chief. But the State did not withhold the evidence because the record shows that Ketchum had pretrial access to the entire DVR system memorializing the night's events. Further, the State playing video segments from those DVR systems during its rebuttal closing argument was not plain error warranting reversal because it appears from the record that the entire video was admitted into evidence as a State exhibit without objection, giving the jury access to view the segments Ketchum complains of. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (providing for plain-error review for unpreserved errors). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.



cc:   Hon. Michael Villani, District Judge
Wooldridge Law
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk