IN THE SUPREME COURT OF THE STATE OF NEVADA

| RAUL GONZALES,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74842 |

FILED

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, discharging a firearm at or into an occupied structure, and four counts of child abuse, neglect or endangerment. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Raul Gonzales first argues that insufficient evidence supports his four convictions for child abuse, neglect or endangerment. Viewing the evidence in the light most favorable to the State to determine whether sufficient evidence was presented to establish guilt beyond a reasonable doubt as determined by a rational trier of fact, *see Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979), we agree with Gonzales that insufficient evidence was presented for three of the four child abuse, neglect or endangerment counts.

NRS 200.508(1) provides two theories of liability, but both require that the State show "abuse or neglect" as defined in NRS

26-03168

200.508(4)(a). *See Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 451-52, 305 P.3d 898, 902-03 (2013). NRS 200.508(4)(a) provides that "'[a]buse or neglect' means physical or mental injury of a nonaccidental nature, sexual abuse, sexual exploitation, negligent treatment or maltreatment of a child under the age of 18 years."

Here, as shown by the jury instructions on these charges, which were proposed by the State, the State proceeded only under a theory of abuse. *See Carter v. State*, 121 Nev. 759, 767 n.21, 121 P.3d 592, 597 n.21 (2005) ("[S]tandard instructions in criminal cases generally articulate the State's theory of the case."). The definition of abuse given to the jury was limited to the part of the statute criminalizing "physical or mental injury of a nonaccidental nature." NRS 200.508(4)(a). No evidence was introduced as to any of the children suffering a physical injury. *See* NRS 200.508(4)(d). One child, M.M., testified that he was awakened by the sounds of gunshots, heard the victim yell he had been shot, called the police, and saw the victim lying unconscious on the stairs. Viewing this evidence in the light most favorable to the prosecution, a rational juror could find that M.M. suffered mental injury of a nonaccidental nature as defined in NRS 432B.070 and thus that Gonzales committed the crime of child abuse, neglect or endangerment as to M.M.[1]

---

[1]Based on trial testimony and Gonzales' statement to law enforcement, we disagree with Gonzales' contention that the State failed to prove he willfully caused M.M. to suffer unjustifiable physical pain or mental suffering or to be placed in a situation where M.M. may have suffered physical pain or mental suffering. Furthermore, based on our conclusion that sufficient evidence was introduced as to M.M., the district court did not abuse its discretion by denying Gonzales' motion for an advisory verdict on this count. *See* NRS 175.381; *Milton v. State*, 111 Nev. 1487, 1492-93, 908 P.2d 684, 688 (1995).

Conversely, no evidence was presented as to the three other child victims suffering mental injury of a nonaccidental nature. *See* NRS 432B.070 (defining mental injury as "an injury to the intellectual or psychological capacity or the emotional condition of a child as evidenced by an observable and substantial impairment of the ability of the child to function within a normal range of performance or behavior"). The State presented evidence that the three other child victims were upstairs sleeping when the victim was shot downstairs. None of the three testified, and it is unknown whether the children were awakened, heard the shots or the victim, or were a part of the aftermath of the shooting. In sum, no evidence was introduced to allow for an inference of nonaccidental mental injury. Thus, even when viewed in the light most favorable to the State, no rational juror could have found "abuse" as defined in NRS 200.508(4)(a), an essential element to the charges of child abuse, neglect or endangerment. Accordingly, we reverse the convictions on the three counts of child abuse, neglect or endangerment pertaining to E.M., A.M., and L.M. due to insufficient evidence.[2]

Gonzales next argues that the district court abused its discretion by denying his pretrial motion to dismiss based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[3] However, *Brady* does

---

[2]We have considered Gonzales' claim regarding the jury instructions for the child abuse, neglect or endangerment counts and conclude no relief is warranted.

[3]Gonzales also argues the district court abused its discretion by denying his alternative motion to produce the redacted portions of discovery along with curative instructions. However, he fails to provide this court with the discovery, and we therefore cannot determine whether the district

SUPREME COURT
OF
NEVADA

(O) 1947A

not afford a pretrial remedy. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) ("This Court and others have recognized that the rule announced in *Brady* is not a pretrial remedy . . . ."). And the United States Supreme Court has held that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Thus, it was not an abuse of discretion for the district court to deny the pretrial motion to dismiss based on *Brady*. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing the district court's decision regarding a motion to dismiss an indictment for an abuse of discretion).[4]

Lastly, Gonzales claims that the district court erred by denying his motion to suppress inculpatory statements made to investigating officers because he did not knowingly and intelligently waive his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and his statements to police were not made voluntarily. "[W]hether a waiver is knowing and intelligent is a question of fact, which is reviewed for clear error. However,

---

court abused its discretion by denying his motion. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) (providing that it is appellant's burden to provide this court with an adequate record to review assignments of error).

[4]To the extent Gonzales challenges a federal district court order, we have no authority to review that order. *See Santora v. Miklus*, 506 A.2d 549, 554 (Conn. 1986) ("In the interests of finality and judicial economy, challenges to a court order should be brought to the court that issued the order or to an appellate court of proper jurisdiction."); *see also Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (stating that "we have had in this country two essentially separate legal systems" and "[e]ach system proceeds independently of the other").

the question of whether a waiver is voluntary is a mixed question of fact and law that is properly reviewed de novo." *Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181 (2006) (footnote omitted). We conclude the district court did not err when it found that Gonzales knowingly and intelligently waived his *Miranda* rights. He was advised of his constitutional rights before he was interrogated, waived those rights, and did not subsequently invoke his rights,[5] and the record does not demonstrate that any alleged intoxication prevented him from understanding his rights or the effect of his waiver. *See Kirksey v. State*, 112 Nev. 980, 992, 923 P.2d 1102, 1110 (1996) (holding an accused must be so intoxicated "that he was unable to understand the meaning of his comments" to render a confession involuntary (internal quotation marks omitted)). And having considered the totality of the circumstances and the factors outlined in *Passama v. State*, 103 Nev. 212, 214, 735 P.2d 321, 323 (1987), we further conclude that the State showed, by a preponderance of the evidence, that Gonzales' statement was voluntary. *See Dewey v. State*, 123 Nev. 483, 492, 169 P.3d 1149, 1154 (2007). There is no indication that Gonzales, an adult and a high school graduate with previous experience in the criminal justice system, was subjected to prolonged questioning or that his will was overborne by the officers, and any alleged intoxication did not render his statement involuntary. Thus the district court did not err by denying his motion to

---

[5]We agree with the district court that the record does not demonstrate that Gonzales unequivocally invoked his right to counsel. *See Carter v. State*, 129 Nev. 244, 248, 299 P.3d 367, 370 (2013) ("[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." (internal quotation marks omitted)).

Supreme Court
OF
Nevada

(O) 1947A

5

suppress. *See State v. Beckman*, 129 Nev. 481, 485-86, 305 P.3d 912, 916 (2013) (findings of fact for suppression issues are reviewed for clear error, but this court will review de novo the legal consequences of those facts). Although Gonzales argues the district court did not clearly set forth its factual findings, *see Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005), such an error does not mandate reversal, *id.* at 194, 111 P.3d at 697 (affirming admittance of videotaped interview despite lack of clear factual findings by the lower court), and the record on appeal is sufficient for our review.[6]

Having concluded that insufficient evidence was presented for three of the convictions for child abuse, neglect or endangerment but that none of Gonzales' other arguments warrant relief, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[6]We further conclude that Gonzales is not entitled to relief on his claim that the district court utilized the wrong standard in ruling on his motion.

cc:    Hon. Valerie Adair, District Judge
        Special Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk